### BONHAM *v.* NEEDLES.

1. The rulings in *Harter* v. *Kernochan* (*supra*, p. 562) reaffirmed.
2. Although the records of a township, which was authorized by the statutes of Illinois to make a donation to a railroad company, and issue bonds in payment thereof, contain no evidence of a meeting of the township, whereat the qualified voters assented to the issue of bonds in payment of a donation, for which they have previously voted, the recital in the bonds, that they were issued in pursuance of those statutes, is conclusive upon the township in a suit brought against it by a *bona fide* holder, to enforce the payment of them.

APPEAL from the Circuit Court of the United States for the Southern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Thomas J. Henderson* for the appellants.
*Mr. George A. Sanders* for the appellees.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was a suit commenced in the Circuit Court for Wayne County, Illinois, by Needles and others. Bonham and the other complainants are taxpayers and real-estate owners suing in behalf of themselves and all other like persons in Big Mound Township of Wayne County. The original defendants were the auditor of state, the treasurer of state, the clerk and the treasurer of the county, the collector of the township, the First National Bank of Springfield, and the unknown holders and owners of certain bonds (with their coupons), —five in

number and of $1,000 each, — issued, under date of April 1, 1870, in the name of the township, and payable, twenty years after date, to the Illinois Southeastern Railway Company or bearer, with 'interest at the rate of ten per cent per annum. The bonds purport to have been issued '" by the township to aid in the construction of the Illinois Southeastern Railway, in pursuance of the authority conferred by an act of the General Assembly of the State of Illinois, entitled ' An Act to incorporate the Illinois Southeastern Railway Company,' approved Feb. 25, 1867, and an act amendatory thereof, approved Feb. 24, 1869, and an election of the legal voters of the aforesaid township, held on the tenth day of November, 1868, under the provisions of said act." Upon each bond was indorsed, under date of April 21, 1870, a guaranty of payment by the Springfield and Illinois Southeastern Railway Company, and the certificate of the State auditor, under date of July 19, 1870, stating that it was that day registered in his office pursuant to the provisions of " An Act to fund and provide for paying the railroad debts of counties, townships, cities, and towns, in force April 16, 1869."

After the township had for nearly ten years regularly, by an annual levy and collection of a tax for that purpose, paid the interest on the bonds as the same became due, — the order for such being made by the auditor of state, — the present bill was filed. It questioned the validity of the bonds, and asked a decree restraining the officers, who were made defendants, from the assessment or collection of taxes to meet them. Kernochan, one of the appellees, a citizen of Massachusetts, and the owner, by purchase in good faith, for value, of all the bonds, appeared in the State court, and upon his petition and bond the cause was removed to the Circuit Court of the United States, where upon the pleadings and proofs the bill was dismissed. The complainants appealed.

The controlling questions in the case have already been determined in *Harter* v. *Kernochan, supra,* p. 562. It was there ruled that the acts of assembly, recited in the bonds whose validity is here involved, were not repugnant to the Constitution of Illinois, adopted in 1848. We also held that the fifth section of the act of Feb. 24, 1869, conferred upon

such townships in Wayne and Clay Counties as had previously voted donations to the Illinois Southeastern Railway Company — the qualified voters of such townships assenting thereto at a regular or special town meeting or election — authority to issue bonds in payment of such donations. The township of Big Mound, on the 10th of November, 1868, voted a donation of $5,000 to the railroad company, one-third to be levied and collected by special tax and paid to the railway company, in each of the years 1869, 1870, and 1871; in lieu of which, however, the company bound itself to take township bonds if requisite authority to issue them could be obtained by further legislation. So far this case in its essential features resembles that. The chief difference between that case and the present one is, that in the former the recorded proceedings of the township distinctly showed that the bonds were voted at a special town meeting, duly called and held to consider the question of their issue; while in this case, the records of the township contain no evidence of a township meeting at which the qualified voters assented to the issue of bonds in payment of the donation voted on the 10th of November, 1868, except a certificate of William Book, claiming to be deputy clerk of Big Mound town. In that certificate he states that " at an election held at the Yates schoolhouse, on the twenty-eighth day of August that the majority of the voters present voted in favor of giving bonds to the Southeastern Railway Company for the bonus. This August 28th, 1869." Several witnesses testify that an election was held. But the correctness of the decree and the validity of the bonds in the hands of a *bona fide* purchaser do not depend upon proof, in this suit, that such an election was, in fact, duly called and held, at which the qualified voters assented to an issue of bonds in payment of the donation previously voted.

The statutes which we have mentioned conferred, as we have shown in *Harter* v. *Kernochan*, ample authority upon the township to issue bonds in payment of the donation voted, the qualified electors assenting thereto at a regular or special town meeting. The bonds recite that they were issued *in pursuance of the authority* conferred by those statutes. Such recitals import a compliance with the statute, and the township, according to the uniform decisions of this court, is estopped to

·assert, as against a *bona fide* holder for value, that such recitals are untrue. *Buchanan* v. *Litchfield* (102 U. S. 278), and authorities there cited.

There are other questions in the case which counsel have pressed upon our consideration. None of them are, in our judgment, vital to its merits, and we do not stop to comment upon them.

*Decree affirmed.*